**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

                                      Bankruptcy Case No.: 16–21258–JAD

**Karen L. Sapp**                       Issued Per 11/21/2019 Proceeding
    Debtor(s)                         Chapter: 13
                                        Docket No.: 65 – 56, 60, 61
                                        Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.)  PLAN CONFIRMATION:*

       IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated 10/10/2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐   A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐   B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐   C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐   D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐   E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐   F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑   G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: U.S. Bank (Claim No. 7) with payment changes implemented .

☑   H.    Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE
ESTABLISHED:*

**A.        Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become
final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision
of this Confirmation Order must file a written objection within that twenty−eight (28) day period.
Failure to timely object shall be deemed a waiver of all objections and an acceptance of the
provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation
order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan
contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file
motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR
3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed
and shall file objections to any disputed claims within ninety (90) days after the claims bar date or,
for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an
objection, the proof of claim will govern as to the classification and amount of the claim. Objections
filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the
priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be
filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the
priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an
amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the
amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the
claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be
underfunded.

*(3.)*    *IT IS FURTHER ORDERED THAT:*

**A.**        After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**        Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**        Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**        Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**        The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**        In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.




Dated: November 25, 2019                                    Jeffery A. Deller
                                                           United States Bankruptcy Judge


cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 16-21258-JAD
Karen L. Sapp                                                         Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2            User: skoz            Page 1 of 2            Date Rcvd: Nov 25, 2019
                               Form ID: 149          Total Noticed: 18


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 27, 2019.
db           +Karen L. Sapp,    123 Broadcrest Drive,   Pittsburgh, PA 15235-1018
intp         +BSI Financial Services,    1425 Greenway Drive, Ste 400,    Irving, TX 75038-2480
cr           +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    225 North Shore Drive,
              Pittsburgh, PA 15212-5860
14219443      Allegheny County Real Estate,    c/o John Weinstein - County Treasure,    PO Box 643385,
              Pittsburgh, PA 15264-3385
14219445     ++CREDIT PROTECTION ASSOCIATION LP,    PARKWAY CENTER V,    2500 DALLAS PARKWAY SUTIE 500,
              PLANO TX 75093-4805
             (address filed with court:  Credit Protection Association,    13355 Noel Road,
              Dallas, TX 75240)
14219444     +Chase,   P.O. Box 469030,    Denver, CO 80246-9030
14231888     +County of Allegheny,    c/o Goehring Rutter & Boehm,    437 Grant Street, 14th Floor,
              Pittsburgh, PA 15219-6101
14264818      Federal National Mortgage Association,    c/o Seterus, Inc.,    PO Box 2008,
              Grand Rapids, MI 49501-2008
14206905     +PNC Bank National Association,    3415 Vision Drive,    Columbus, OH 43219-6009
14219446     +Peoples Natural Gas,    P.O. Box 26784,   Richmond, VA 23261-6784
14219447     +Pittsburgh Parking Court,    P.O. Box 640,   Pittsburgh, PA 15230-0640
14231887     +Pittsburgh Water & Sewer Authority,    c/o Goehring Rutter & Boehm,
              437 Grant Street, 14th Floor,   Pittsburgh, PA 15219-6101
14219449     +Professional Account Management,    633 W. Wisconsin Avenue,    Milwaukee, WI 53203-1920
14219451     ++SETERUS INC,    PO BOX 619096,   DALLAS TX 75261-9096
             (address filed with court:  Seterus,    14523 SW Millikan Way,    Suite 200,
              Beaverton, OR 97076-4121)
14219453      Stuart-Lippman & Associates, Inc.,    Stuart-Lippman & Associates, Inc.,
              5447 E 5th Street, Suite 110,   Tucson, AZ 85711-2345
14650882      US Bank Trust N.A, as Trustee,    c/o BSI Financial Services,    1525 Greenway Dr., Ste. 400,
              Irving, TX 75038

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14284962     +E-mail/Text: kburkley@bernsteinlaw.com Nov 26 2019 03:50:04      Duquesne Light Company,
              c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
              Pittsburgh, PA 15219-1945
14220624      E-mail/Text: bnc-quantum@quantum3group.com Nov 26 2019 03:49:28
              Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,   Kirkland, WA  98083-0788
                                                                               TOTAL: 2


             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Allegheny County
cr            Duquesne Light Company
cr            JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
cr            PNC Bank, NA
cr            Pittsburgh Water & Sewer Authority
cr            Seterus, Inc. as the authorized subservicer for Fe
cr            US Bank Trust N.A, as Trustee of Bungalow Series F
14219452      Standard Insurance Company
14219448*    +Pittsburgh Parking Court,    P.O. Box 640,   Pittsburgh, PA 15230-0640
14219450*    +Professional Account Management,    633 W. Wisconsin Avenue,    Milwaukee, WI 53203-1920
14219454*     Stuart-Lippman & Associates, Inc.,    Stuart-Lippman & Associates, Inc.,
              5447 E 5th Street, Suite 110,   Tucson, AZ 85711-2345
                                                                      TOTALS: 8, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 27, 2019                              Signature:   /s/Joseph Speetjens

District/off: 0315-2          User: skoz              Page 2 of 2            Date Rcvd: Nov 25, 2019
                             Form ID: 149            Total Noticed: 18

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 25, 2019 at the address(es) listed below:

        Andrew F Gornall    on behalf of Creditor    PNC Bank, NA andygornall@latouflawfirm.com
        James  Warmbrodt    on behalf of Creditor    PNC Bank, NA bkgroup@kmllawgroup.com
        Jeffrey R. Hunt    on behalf of Creditor    Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
        cnoroski@grblaw.com
        Jeffrey R. Hunt    on behalf of Creditor    Allegheny County jhunt@grblaw.com,  cnoroski@grblaw.com
        Kevin Scott Frankel    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
        pabk@logs.com
        Lauren M. Lamb    on behalf of Debtor Karen L. Sapp
        julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;acordell@steidl-steinberg.com;cgoga@s
        teidl-steinberg.com;LambLR53037@notify.bestcase.com;rlager@steidl-steinberg.com;leslie.nebel@stei
        dl-steinberg.com
        Matthew Christian Waldt    on behalf of Creditor    Seterus, Inc. as the authorized subservicer for
        Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc.
        mwaldt@milsteadlaw.com,  bkecf@milsteadlaw.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
        ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
        S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
        Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com

                                         TOTAL: 11